Robert F. Keehn, Esq. (115848)
rkeehn@rfk-law.com
Law Office of Robert F. Keehn
400 Corporate Pointe, Suite 300
Culver City, CA 90230
(310) 551-6525 telephone
(310) 284-2654 facsimile

Attorney for Plaintiff
Tracy Burningham

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY BURNINGHAM,<br><br>       Plaintiff,<br><br>   vs.<br><br>THE WINE GROUP, INC. HEALTH BENEFIT PLAN,<br><br>       Defendant. | Case No.<br><br>COMPLAINT FOR DECLARATORY RELIEF, PLAN BENEFITS AND ENFORCEMENT OF RIGHTS UNDER EMPLOYEE RETIREMENT INCOME SECURITY ACT of 1974<br><br>[29 U.S.C. § 1132(a)(1)(B)] |

     Plaintiff TRACY BURNINGHAM hereby complains against defendant THE WINE GROUP, INC. HEALTH BENEFIT PLAN as follows:

## JURISDICTION

    1.    This action involves a dispute concerning benefits provided under an employee welfare benefit plan subject to ERISA, 29 U.S.C. § 1001 et seq. Accordingly, this Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 and pursuant to ERISA, 29 U.S.C. § 1132(e)(1). Venue in this judicial

district is proper under 28 U.S.C. § 1391(b)(1), in that the defendant ERISA plan resides here. Additionally, venue in this judicial district is proper under ERISA, 29 U.S.C. § 1132(e)(2), in that the defendant ERISA plan is administered here, and because said defendant may be found here.

## PRELIMINARY ALLEGATIONS

2. Plaintiff TRACY BURNINGHAM (hereinafter "Burningham" or "plaintiff") is an individual. Plaintiff is a resident of the County of Sonoma, California.

3. Defendant THE WINE GROUP, INC. HEALTH BENEFIT PLAN (hereinafter "the Wine Group Health Plan" or "defendant") was at all relevant times, and now is, an "employee welfare benefit plan" within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1).

4. The Wine Group, Inc., based in Ripon, California, was at all relevant times, and now is, the designated "administrator" for the Wine Group Health Plan within the meaning of ERISA, 29 U.S.C. § 1002(16)(A)(i).

5. At all relevant times, Burningham was a "participant" in and/or "beneficiary" of the Wine Group Health Plan within the meaning of ERISA, 29 U.S.C. § 1002(7) and 29 U.S.C. § 1002(8), respectively.

## FIRST CLAIM FOR RELIEF

(Declaratory Relief under 29 U.S.C. § 1132(a)(1)(B))

6. Plaintiff incorporates herein by this reference as though fully set forth the allegations of Paragraphs 1 through 5, above.

7. The Wine Group Health Plan expressly provides benefits for substance abuse disorders and chemical dependency.

8. At all relevant times prior to October 2018, Burningham had a history of alcohol addiction.

9. From October 14, 2018 through November 3, 2018, Burningham was treated for alcohol addiction on an in-patient basis at Duffy's Napa Valley Rehab ("Duffy's") in Napa Valley, California. Said admission and treatment was medically necessary for a variety of reasons, including the fact that plaintiff had to be treated with detox medications for some six *days* before she could even begin participation in a treatment program.

10. The cost of Burningham's treatment at Duffy's was approximately $38,000, a substantial portion of which plaintiff was forced to pay out-of-pocket. However, her ensuing claim for reimbursement to the Wine Group Health Plan's claim fiduciary and agent, UMR, Inc., was denied for the ostensible reason that plaintiff's admission to and treatment at Duffy's had not in fact been medically necessary.

11. Burningham submitted the mandatory administrative appeal to UMR, Inc. However, plaintiff's appeal was rejected by UMR, Inc. on September 17, 2019, again for the ostensible reason that plaintiff's admission to and treatment at Duffy's had not been medically necessary. Burningham therefore has satisfied any requirement for the exhaustion of administrative remedies.

12. On four different occasions subsequent to her admission to and treatment at Duffy's, Burningham was admitted on an in-patient basis to other rehabilitation treatment facilities in Northern California for the treatment of alcohol addiction. Each of those four admissions and treatment regimens was paid for by the Wine Group Health Plan and was either expressly or impliedly determined to be medically necessary. There was no meaningful distinction between plaintiff's treatment at Duffy's in October and November 2018 and the treatment she subsequently received at the other facilities.

13. A controversy has arisen and now exists between Burningham and defendant regarding plaintiff's entitlement to benefits under the Wine Group Health Plan for her treatment at Duffy's in October and November 2018. Plaintiff contends that her treatment was in fact medically necessary, and that the cost of said treatment should be reimbursed by defendant. The Wine Group Health Plan apparently contends that its claim fiduciary's determination regarding lack of medical necessity was proper. A judicial declaration of the parties' respective rights, obligations and liabilities therefore is necessary and appropriate at this time.

14. As a result of the dispute and disagreement explained above, it has become necessary for Burningham to retain an attorney to enforce her rights under ERISA. Plaintiff therefore is entitled to an award of reasonable attorney fees and costs under ERISA, 29 U.S.C. § 1132(g)(1).

## SECOND CLAIM FOR RELIEF

(Plan Benefits and Enforcement of Rights under 29 U.S.C. § 1132(a)(1)(B))

15. Plaintiff incorporates herein by this reference as though fully set forth the allegations of Paragraphs 1 through 13, above.

16. As a result of defendant's wrongful actions as set forth above, Burningham has been damaged in an amount to be shown according to proof, and accordingly is entitled to benefits under the Wine Group Health Plan, and an enforcement of her rights in that regard.

17. As a result of the dispute and disagreement explained above, it has become necessary for Burningham to retain an attorney to enforce her rights under ERISA. Plaintiff therefore is entitled to an award of reasonable attorney fees and costs under ERISA, 29 U.S.C. § 1132(g)(1).

WHEREFORE, plaintiff TRACY BURNINGHAM prays for judgment against defendant THE WINE GROUP, INC. HEALTH BENEFIT PLAN as follows:

1. For a judicial declaration of the parties' respective rights, obligations and liabilities, relative to the matters referred to in Paragraph 13, above;

2. For an enforcement of plaintiff's rights in that regard, relative to the matters referred to in Paragraph 16, above;

3. For employee benefits, if any, ancillary to the disability benefits at issue;

4. For reasonable attorney fees and costs of suit; and

5. For such other and further relief as the Court deems just and proper.

Dated: April 13, 2022                LAW OFFICE OF ROBERT F. KEEHN

                                     By: _ROBERT KEEHN_____
                                         Robert F. Keehn, Esq.
                                         Attorney for Plaintiff
                                         Tracy Burningham